UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MENDOZA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM SULLIVAN,<br><br>    Defendant. | Case No. 18-cv-07160-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DEFERRING RULING ON MOTION TO APPOINT COUNSEL**<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Ricky Mendoza seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. *See* Pet. (dkt. 1). Good cause having been shown, Mendoza's application to proceed in forma pauperis (dkt. 3) is GRANTED. The petition for a writ of habeas corpus is subject to review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because at least some of Mendoza's claims are cognizable when liberally construed, the Court allows the matter to proceed. Respondent William Sullivan shall file a response to the petition no later than March 21, 2019.

Mendoza has declined to consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), and the case will therefore be reassigned to a United States district judge for all further proceedings. The undersigned declines to resolve Mendoza's request for appointment of counsel at public expense (dkt. 4), reserving that question for the district judge to address either after reassignment or after Respondent has filed an answer.

Mendoza is in custody at the California Correctional Institution after being convicted of first-degree murder for the shooting of Martin Navarro and sentenced in 2013 to life in prison without parole. Pet. ¶¶ 1–3 & Attach. 1 at 4.[1] Mendoza's conviction was based on testimony

---

[1] Because Mendoza was convicted in the California Superior Court for Contra Costa County, his petition is properly filed in this Court under 28 U.S.C. § 2241(d).

1  from George Hellums, an admitted gang member whom other witnesses initially identified as
2  Navarro's shooter, and Tony Martin, another gang member who admitted to shooting another
3  victim. *Id.* Attach. 1 at 4–6. Hellums testified in exchange for freedom from prosecution, and
4  Martin testified in exchange for pleading guilty to a lesser charge. *Id.* Attach. 1 at 4–5. A
5  California Court of Appeal affirmed the judgment against Mendoza, and the California Supreme
6  Court denied a petition for review. *Id.* ¶ 9 & Attach. 1. Due to subsequent retroactive changes in
7  state law, the state trial court is currently considering whether to impose or strike a previously
8  mandatory firearm enhancement, which is not likely to affect any issue presented in the petition to
9  this Court. *Id.* Attach. 1 at 3.

Mendoza identifies the following purported flaws in his conviction: (1) the judgment was based on uncorroborated testimony of accomplices in violation of California law and Mendoza's right to due process, *id.* ¶ 12 (Ground One) & Attach. 1 at 4–10; (2) the judgment was not based on sufficient evidence and thus violated Mendoza's right to due process, *id.* ¶ 12 (Ground Two) & Attach. 1 at 10–13; (3) restrictions on cross-examination of a critical witness violated the Sixth Amendment and Mendoza's right to due process, *id.* ¶ 12 (Ground Three) & Attach. 1 at 14–21; (4) prosecutorial misconduct violated the Sixth Amendment and Mendoza's right to due process, *id.* ¶ 12 (Ground Four) & Attach. 1 at 21–33; (5) the jury instruction regarding accomplice testimony was incorrect, violating California law and Mendoza's right to due process, *id.* Attach. 1 at 33–36; and (6) cumulative prejudice violated Mendoza's right to due process, *id.* Attach. 1 at 36–38.

Construed broadly, at least some of Mendoza's claims are cognizable in a petition for federal habeas relief. *See, e.g.*, *Waddington v. Sarausad*, 555 U.S. 179, 190–91 (2009) (discussing the standard for habeas relief based on defective jury instructions); *Deck v. Jenkins*, 814 F.3d 954, 977–78 (9th Cir. 2016) ("It is clearly established under Supreme Court precedent that a prosecutor's 'misleading . . . arguments' to the jury may rise to the level of a federal constitutional violation." (citation omitted)); *Winzer v. Hall*, 494 F.3d 1192, 1198 (9th Cir. 2007) ("But where a Confrontation Clause violation is alleged [in a habeas petition], federal courts can go beyond a state court's characterization and analyze whether a factual basis supports the state court's

2

decision."). Respondent is therefore ORDERED TO SHOW CAUSE why the petition should not be granted.

1. The Clerk shall serve a copy of this order, the petition, and all attachments thereto on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. No later than March 21, 2019, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Mendoza's claims. Respondent shall file with the answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Mendoza wishes to respond to the answer, he shall do so by filing a traverse with the Court within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, no later than March 21, 2019, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Mendoza shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file a reply within fifteen (15) days of the date any opposition is filed.

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadlines they seek to extend.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge