UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MENDOZA,<br>　　　　Petitioner,<br>　v.<br>WILLIAM SULLIVAN,<br>　　　　Respondent. | Case No. 18-cv-07160-SI<br><br>**ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 4 |

Ricky Mendoza filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Contra Costa County Superior Court of first-degree murder, for which he is now serving a sentence of life without parole plus 25-years-to-life. *See* Docket No. 1 at 1. Shortly after filing his petition, he filed a request for appointment of counsel. Dkt. No. 4. Counsel Randi Covin represented petitioner as his appointed appellate counsel in state court. Covin explained that "she prepared the Petition, an IFP application, and this motion without payment because the AEDPA deadline was imminent . . . ." *Id.* at 2. She states that she "made an error in the calculation of Petitioner's AEDPA deadline" and therefore "felt ethically bound to file the instant petition on Petitioner's behalf with his consent." *Id.* at 5-6.

This case was originally assigned to Chief Magistrate Judge Spero, who granted petitioner's application to proceed in forma pauperis, ordered respondent to show cause why the petition should not be granted, and deferred ruling on the motion to appoint counsel, "reserving that question for the district judge to address either after reassignment or after Respondent has filed an answer." Dkt. No. 7 at 1. The case was then reassigned to the undersigned Judge. Dkt. No. 9. On April 12, 2019, respondent filed his answer. Dkt. No. 12. The answer responds to the claims raised in the petition and also argues that several of the claims are procedurally defaulted.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require . . . ." Here, there are issues surrounding petitioner's ability to represent himself in light of his age (18 years) when the crime for which he was convicted occurred and the complex procedural and legal issues raised in the petition and the answer. The Court finds that the interests of justice require the appointment of counsel. The Court therefore **GRANTS** petitioner's request for appointment of counsel and **APPOINTS** attorney Randi Covin as petitioner's counsel, pursuant to 18 U.S.C. § 3006A.

In light of this appointment, the Court will extend the deadline for petitioner to file his traverse. **Petitioner's traverse is now due June 18, 2019.**

Additionally, the Court notes that the petition for writ of habeas corpus was not signed by petitioner. Covin explained that she was "signing for Petitioner because the AEDPA deadline is fast approaching and there is no time to send to Petitioner for signing and filing." Dkt. No. 1 at 15. **Petitioner shall file a copy of the petition, *signed by petitioner*, no later than May 20, 2019.**

The clerk shall provide a copy of this order to the Office of the Federal Public Defender.

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
SUSAN ILLSTON
United States District Judge