United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MENDOZA,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM SULLIVAN,<br><br>    Respondent. | Case No. 18-cv-07160-SI<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE; DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION; AND ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkt. Nos. 15, 16 |

On November 27, 2018, petitioner Ricky Mendoza filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Contra Costa County Superior Court of first-degree murder with a firearm enhancement, for which he is now serving a sentence of life in prison without the possibility of parole ("LWOP") plus 25-years-to-life. Docket No. 1. Mendoza was 18 years old at the time of the crime for which he was convicted.

The Court issued an order to show cause, and respondent answered the petition on April 12, 2019. Docket Nos. 7, 12, 13. On April 19, 2019, the Court granted Mendoza's request for appointment of counsel, appointing his state appellate counsel, Randi Covin, to represent him on his habeas petition here. Docket No. 14. In so doing, the Court extended the deadline for Mendoza to file his traverse to June 18, 2019, and also ordered that he file a copy of his petition for writ of habeas corpus, *signed by petitioner*, no later than May 20, 2019.[1] *Id.* at 2.

---

[1] Mendoza failed to comply with the May 20, 2019 deadline.

On June 18, 2019, rather than filing his traverse, Mendoza filed the present motions seeking (1) leave to file a first amended petition for writ of habeas corpus and (2) a stay and abeyance. Docket Nos. 15, 16. Respondent opposes both motions. Docket Nos. 17, 18, 19.

Mendoza seeks leave to amend his petition "to raise a new Eighth-Amendment claim – that a mandatory life-without-parole sentence for an 18-year-old is unconstitutionally cruel and unusual." Docket No. 15 at 2. Mendoza explains, "At the time of petitioner's trial and appeal, there was no case extending *Miller v. Alabama*, 567 U.S. 460 (2012) to an 18-year-old"[2] but that such a case now exists, since the United States District Court for the District of Connecticut "recently held that a mandatory LWOP sentence cannot constitutionally be imposed on an 18-year-old." *See id.* at 2, 4 (citing *Cruz v. United States*, No. 11-cv-787 (JCH), 2018 WL 1541898 (D. Conn. Mar. 29, 2018)).

Mendoza further explains that "[t]he California Court of Appeal reversed and remanded [his case] for resentencing in light of Senate Bill 620, which gave sentencing courts discretion to dismiss firearm enhancements[,]" and that his "case is currently pending for resentencing in Contra Costa County."[3] *Id.* at 3. Mendoza did not raise an Eighth Amendment claim in his appeal, but his trial counsel now intends to challenge the mandatory LWOP sentence on Eighth Amendment grounds at the resentencing. Thus, in addition to asking the Court to permit amendment of his petition, Mendoza asks that the Court then stay and hold further proceedings in abeyance while he exhausts his Eighth Amendment claim in state court, citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Docket No. 16 at 2.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines* "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not

---

[2] In *Miller*, the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465.

[3] Mendoza's resentencing was already pending at the time he filed his original federal habeas petition, but he stated that the resentencing "should not affect this petition." *See* Docket No. 1 at 15.

2

meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines*, 544 U.S. at 277-78. The *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King,* 564 F.3d at 1141-43.

Here, respondent argues that Mendoza does not satisfy the *Rhines* standard for a stay, saying that Mendoza has not shown good cause and that his Eighth Amendment claim may not be added to the petition because it is currently barred by principles of abstention, under *Younger v. Harris*, 401 U.S. 37 (1971). Without reaching the merits of respondent's arguments, the Court finds that the *King/Kelly* stay procedure better fits the present circumstances of this case.

A *King/Kelly* stay is less demanding than a *Rhines* stay, and the only currently applicable requirement for a *King/Kelly* stay is that the petition sought to be stayed has no unexhausted claims. Mendoza's petition already satisfies that requirement. It appears from the petition presently on file with the Court that Mendoza exhausted his state court remedies for the claims that he raises therein, and respondent has not moved to dismiss those claims for failure to exhaust. The Eighth Amendment claim that he seeks to add, however, has not yet been exhausted.

Moreover, the *King/Kelly* stay determination does not appear to require the federal court to determine that the unexhausted claim(s) are potentially meritorious. Whether the new claim(s) that Mendoza intends to exhaust will relate back to the petition and/or comply with the statute of

3

limitations can be decided when he returns after exhausting state court remedies and moves to amend his petition to add the newly-exhausted claim(s). A stay under *King/Kelly* also avoids the *Younger* abstention concerns that respondent raises. The Court will grant a *King*/*Kelly* stay so that Mendoza may exhaust state court remedies for claims he wishes to present to this Court. Mendoza must diligently pursue his state court remedies regarding his claims, and must return to federal court within thirty days of a final decision by the state courts on the claim(s). *See Kelly*, 315 F.3d at 1070.

For the foregoing reasons, Mendoza's motion for a stay and abeyance is **GRANTED**. *See* Docket No. 16. His motion for leave to amend the petition is **DENIED** as moot, without prejudice. *See* Docket No. 15. After Mendoza concludes his state court efforts to exhaust his new claim(s), he may file in this Court a motion to file an amended federal petition in which he presents all his claims, including the new claim(s).

Additionally, within 30 days of the date of this Order, **Mendoza shall file a copy of the petition for writ of habeas corpus,** *signed by Mendoza (rather than by his counsel)*, as the Court previously ordered. *See* Docket No. 14 at 2.

This action is now **STAYED** and the clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Mendoza exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay, and amend his petition to add the newly exhausted claim(s).

**IT IS SO ORDERED**.

Dated: August 22, 2019

_____
SUSAN ILLSTON
United States District Judge